# Calendar No. 1072

| 82D CONGRESS | } | SENATE | { | REPORT |
|---|---|---|---|---|
| 2d Session | | | | No. 1137 |

## REVISION OF IMMIGRATION AND NATIONALITY LAWS

JANUARY 29 (legislative day, JANUARY 10), 1952.—Ordered to be printed

Mr. McCARRAN, from the Committee on the Judiciary, submitted
the following

## REPORT

[To accompany S. 2550]

The Committee on the Judiciary, to which was referred the bill
(S. 2055) to revise the laws relating to immigration, naturalization,
and nationality, and for other purposes, having considered the same,
reports to the Senate, in lieu thereof, an original bill (S. 2550) and
recommends that the bill so recommended do pass, without amend-
ment.

### PURPOSE OF THE BILL

The purpose of the bill is to repeal all immigration and nationality
laws and to enact a completely revised immigration and nationality
code.

### NECESSITY FOR THE LEGISLATION

The last general investigation of our immigration system was made
by the Congress beginning in 1907 and continuing until 1911. While
the naturalization laws have been reexamined more recently, culmi-
nating in the codification of all naturalization laws by the Nationality
Act of 1940, that act has subsequently been amended numerous times.
Our present immigration laws consist of two comprehensive immi-
gration acts, the act of February 5, 1917, as amended, and the Immi-
gration Act of 1924, as amended, and of over 200 additional legislative
enactments. In addition, there have been a number of treaties,
Executive orders, proclamations, and a great many rules, regulations,
and operations instructions. Investigations and studies by subcom-
mittees of this committee have disclosed many inequities, weaknesses,
and loopholes in our present immigration and naturalization systems.
Today, as never before, a sound immigration and naturalization policy

04/13/2007  18:23  2027073585  LOC LAW LIBRARY  PAGE  21/36

spouses and have children born in foreign countries. In such cases the person deriving citizenship through one citizen parent must himself return to the United States and take up residence here after his fourteenth birthday and prior to his twenty-third birthday and must immediately following such return be continually physically present in the United States for at least 5 years.

*2. Citizenship in the territories and possessions*

The citizenship status of persons born in and living in Puerto Rico, the Canal Zone, and the Republic of Panama is set out in the Nationality Act of 1940 and is carried forward in the bill. The citizenship status of persons born in Alaska, Hawaii, the Virgin Islands of the United States, and Guam is set out in the bill for the first time. Sections 304, 305, 306, and 307 of the bill are a codification of the provisions relating to citizenship and nationality which are contained in treaties, statutes, and organic acts of incorporation, which have not heretofore been in the nationality code. In each case no greater or lesser right is conferred than that which exists under such treaties, statutes, and organic acts.

The bill amends existing law with regard to those persons who have the status of nationals but not citizens, by providing nationality status to any person born in an outlying possession, regardless of the parents' status. By definition in section 101 (a) (28) of the bill the inhabitants of American Samoa and Swain's Island are American nationals but not American citizens at birth. Under the provisions of section 325 of the bill such a national may, if he comes to the United States and becomes a resident of any State, be naturalized upon compliance with other requirements of the bill.

*3. Children born out of wedlock*

Under the provisions of section 309 of the bill a child born out of wedlock acquires the citizenship status which it would have had at birth, if the birth had been legitimate, if and when the paternity of the child is established by legitimation while the child is under the age of 21 years. Regardless of legitimation, a child born outside of the United States and out of wedlock acquires at birth the nationality status of the mother if she had United States nationality at the time of the birth and if she had been physically present in the United States or one of its outlying possessions for a continuous period of 1 year prior to the birth. This provision establishing the child's nationality as that of the mother regardless of legitimation or establishment of paternity is new. It insures that the child shall have a nationality at birth.

### C. NATIONALITY THROUGH NATURALIZATION

*1. Jurisdiction to naturalize*

The bill continues existing law regarding the jurisdiction of courts to naturalize aliens as citizens of the United States, which jurisdiction is given to United States district courts and State courts of record. The only addition is the inclusion of the District Court of Guam so as to give that court naturalization jurisdiction in Guam.