# ADMINISTRATION OF THE IMMIGRATION AND NATIONALITY LAWS



*United States*

# HEARING

BEFORE THE

SUBCOMMITTEE ON

IMMIGRATION, REFUGEES, AND INTERNATIONAL LAW

OF THE

COMMITTEE ON THE JUDICIARY

HOUSE OF REPRESENTATIVES

NINETY-NINTH CONGRESS

SECOND SESSION

ON

## H.R. 4823, H.R. 4444, and H.R. 2184

ADMINISTRATION OF THE IMMIGRATION AND NATIONALITY LAWS

JULY 22, 1986

Serial No. 95



Printed for the use of the Committee on the Judiciary

U.S. GOVERNMENT PRINTING OFFICE

WASHINGTON : 1987

63-511 O

For sale by the Superintendent of Documents, Congressional Sales Office

# COMMITTEE ON THE JUDICIARY

PETER W. RODINO, Jr., New Jersey, Chairman

| | |
|---|---|
| JACK BROOKS, Texas | HAMILTON FISH, Jr., New York |
| ROBERT W. KASTENMEIER, Wisconsin | CARLOS J. MOORHEAD, California |
| DON EDWARDS, California | HENRY J. HYDE, Illinois |
| JOHN CONYERS, Jr., Michigan | THOMAS N. KINDNESS, Ohio |
| JOHN F. SEIBERLING, Ohio | DAN LUNGREN, California |
| ROMANO L. MAZZOLI, Kentucky | F. JAMES SENSENBRENNER, Jr., Wisconsin |
| WILLIAM J. HUGHES, New Jersey | BILL McCOLLUM, Florida |
| MIKE SYNAR, Oklahoma | E. CLAY SHAW, Jr., Florida |
| PATRICIA SCHROEDER, Colorado | GEORGE W. GEKAS, Pennsylvania |
| DAN GLICKMAN, Kansas | MICHAEL DeWINE, Ohio |
| BARNEY FRANK, Massachusetts | WILLIAM E. DANNEMEYER, California |
| GEO. W. CROCKETT, Jr., Michigan | HANK BROWN, Colorado |
| CHARLES E. SCHUMER, New York | PATRICK L. SWINDALL, Georgia |
| BRUCE A. MORRISON, Connecticut | HOWARD COBLE, North Carolina |
| EDWARD F. FEIGHAN, Ohio | |
| LAWRENCE J. SMITH, Florida | |
| HOWARD L. BERMAN, California | |
| RICK BOUCHER, Virginia | |
| HARLEY O. STAGGERS, Jr., West Virginia | |
| JOHN BRYANT, Texas | |

M. ELAINE MIELKE, *General Counsel*
GARNER J. CLINE, *Staff Director*
ALAN F. COFFEY, Jr., *Associate Counsel*

## SUBCOMMITTEE ON IMMIGRATION, REFUGEES, AND INTERNATIONAL LAW

ROMANO L. MAZZOLI, Kentucky, Chairman

| | |
|---|---|
| BARNEY FRANK, Massachusetts | DAN LUNGREN, California |
| GEO. W. CROCKETT, Jr., Michigan | HAMILTON FISH, Jr., New York |
| HOWARD L. BERMAN, California | F. JAMES SENSENBRENNER, Jr., Wisconsin |
| CHARLES E. SCHUMER, New York | BILL McCOLLUM, Florida |
| JOHN BRYANT, Texas | |

ARTHUR P. ENDRES, Jr., *Counsel*
EUGENE PUGLIESE, *Assistant Counsel*
LYNN CONWAY, *Assistant Counsel*
PETER REGIS, *Legislative Assistant*
THOMAS M. BOYD, *Associate Counsel*

(II)

# CONTENTS

## OPENING STATEMENTS

| | Page |
|---|---|
| Hon. Peter W. Rodino, Jr., chairman, House Committee on the Judiciary | 106 |
| Hon. Romano L. Mazzoli, chairman, Subcommittee on Immigration, Refugees, and International Law | 105 |

## WITNESSES

| | |
|---|---|
| Alan C. Nelson, Commissioner, Immigration and Naturalization Service, accompanied by Richard Norton, Associate Commissioner for Examinations, Immigration and Naturalization Service; Joan Clark, Assistant Secretary of State for Consular Affairs, U.S. State Department; and Michael Baroody, Assistant Secretary for Policy Planning, U.S. Department of Labor | 106 |
| Statement of: | |
| Richard Norton | 111 |
| Joan Clark | 183 |
| Michael Baroody | 160 |
| Warren Leiden, American Immigration Lawyers Association; Msgr. Nicholas DiMarzio, U.S. Catholic Conference; and Eugene Brugger, National Foreign Trade Council | 200 |
| Statement of: | |
| Warren Leiden | 204 |
| Rev. Msgr. Nicholas DiMarzio | 223 |
| Eugene Brugger | 241 |

(III)

150

- 17 -

Section 12 amends section 301(g) to reduce from ten years to five years the period of physical presence in the United States required for transmission of citizenship to a child born abroad of one citizen parent and one alien parent.

Section 13(a) makes a typographical change in Section 309(a) of the Act, to correct the reference to subparagraphs of Section 301. This change is necessitated by the redesignation of the sub-paragraphs by P.L. 95-432 (October 10, 1978, 92 Stat. 1046).

Section 13(b) amends section 309(a) of the Act to permit an illegitimate child of an American citizen father to acquire U.S. citizenship based on the father's formal written acknowledgment of paternity, or a court adjudication of paternity. This proposal would simplify and facilitate determinations of acquisition of citizenship by children born out of wedlock to an American citizen father, by eliminating the necessity of determining the father's residence or domicile and establishing satisfaction of the legitimation provisions of the jurisdiction. To deter fraudulent claims, however, the fact that a blood relationship exists between the U.S. citizen father and the child would have to be shown by clear and convincing evidence. Moreover, the child's father, if living, must agree to provide for the child's financial support. The purpose of this clause is to facilitate the enforcement of a child support order and, thus, lessen the chance that the child could become a financial burden to the states.

151

- 18 -

Sections 14 and 15 amend Sections 320 and 321 of the Act to include the requirement that a child be unmarried to acquire U.S. citizenship derivatively through the naturalization of his parent or parents. This requirement is currently contained in Section 101(c)(1), and the amendment is required because of the proposed deletion of that section (see Section 3).

Section 16 amends Section 322 of the Act to include the requirement that a child be unmarried to be naturalized on the petition of a citizen parent. This requirement is currently contained in section 101(c)(1), and the amendment is required by the proposed deletion of that section (see Section 13).

Section 17 amends section 340(d) of the Act to reduce from five years to one year the time within which, after naturalization, a naturalized citizen's establishing permanent residence abroad shall be considered prima facie grounds for revoking naturalization. The proposal would eliminate the need for consideration of cases which, based on current judicial and State and Justice Department interpretation of section 340(d), are poor candidates for successful action under that section.

Section 18(a) amends section 349(a) of the Act by including voluntariness and intention to relinquish United States nationality as required elements in any finding of loss of nationality. This proposal brings the language of the Act into accord with its interpretation and application by the Supreme Court. This would simplify explanations of the law by the Department in response to inquiries from the public, etc.

- 19 -

Section 18(b) amends section 349(a)(1) of the Act to eliminate provisions for loss of nationality by minors who acquire foreign nationality through or on application of their parents or guardians. Because of the judicially imposed requirement of voluntariness and intent to relinquish citizenship, these provisions are obsolete. The amendment would eliminate unnecessary reporting, record-keeping, and explanations concerning these provisions in cases in which they now arguably apply.

Section 18(b) also amends section 349(a)(1) to reduce the age at which the section applies from twenty-one to eighteen years. Together with other amendments, this would make this sub-paragraph consistent with the age provisions in the other sub-paragraphs of Section 349, as well as with the age of majority most widely accepted for other purposes in the United States.

Section 18(c) also amends section 349(e)(2) of the Act to limit loss of nationality by taking an oath of allegiance to a foreign state, to persons eighteen years of age and older. Together with Section 20, which amends Section 351(B) of the Act, this would eliminate both the possible expatriation of minors under eighteen by oath of allegiance, and the nullification of such expatriation within six months after reaching age eighteen. This proposal would simplify consideration of possible loss of nationality cases based on oaths of allegiance.

- 20 -

Section 18(d) amends section 349(a)(3) of the Act to limit loss of nationality by foreign military service to the case of service in foreign armed forces engaged in hostilities against the U.S., or service as an officer or a non-commissioned officer. This proposal would eliminate the need to consider possible expatriation in circumstances where the required intent to relinquish citizenship is not likely to be present.

Sections 18(e) and (f) amend section 349(a)(4) of the Act to limit loss of nationality by foreign government employment to persons eighteen years of age or older. This proposal would increase the consistency of the age limits in section 349.

Section 19 deletes the conclusive presumption of voluntariness arising from ten years of physical presence in a foreign state, which is contained in section 349(b) of the Act. The presumption has not been relied on in recent years and in view of the requirement to prove intent to relinquish citizenship, is of little or no assistance in establishing expatriation. The presumption is also of doubtful constitutionality and, if relied on, would likely invite challenge.

Section 20 amends Section 351(b) of the Act, restricting the possibility of nullifying expatriating acts performed prior to age eighteen to the case of military service and formal renunciation of United States nationality; the provision permitting a person to assert a claim to U.S. nationality, in

03/27/2008  12:25  2027073585   LOC LAW LIBRARY   PAGE  17/18
Case 3:08-cr-00401-H   Document 14-2   Filed 03/27/2008   Page 5 of 5

- 21 -

the prescribed form, within six months of the person's eighteenth birthday, is not needed in the case of naturalization, oaths of allegiance, and foreign government employment; under amendments proposed in Sections 18(b), 18(c), 18(e) and 18(f), expatriation would not result from the performance of those acts by a person under eighteen years of age.

Section 21 of the bill would amend 22 U.S.C. 4195, which sets forth the responsibility of diplomatic and consular officers with regard to the personal estates of American citizens who die overseas, to eliminate the requirement that the inventory and appraisal of the deceased's personal effects be done article by article. While in some cases it is desirable to inform the next-of-kin of each specific item in the deceased's personal effects and the value thereof, and while regulations will continue to require such itemization where appropriate, it is often unnecessary to list and appraise each individual article. Eliminating the statutory requirement for an article inventory will permit speedier and more efficient disposition of the personal estates of deceased Americans overseas.

Both H.R. 4444 and H.R. 4823 seek to reduce, to the same extent, the amount of time spent in the United States necessary to transmit U.S. citizenship to a child born abroad to one citizen and one alien parent. Both bills also clarify the loss of nationality statutes to conform to U.S. Supreme Court

154

- 22 -

interpretations requiring that a person intend to relinquish U.S. citizenship. H.R. 4444 is more comprehensive in defining the acts which may cause loss of citizenship more precisely, and in renumbering the statute to eliminate confusing references to sections of the Act which were declared unconstitutional.

H.R. 4444 also seeks more equitable treatment for a child born abroad, out of wedlock to a U.S. citizen father, enabling acquisition of U.S. citizenship at birth if the father acknowledges the child in writing and provides support. The burden of proving blood relationship to the father remains on the applicant in order to deter fraud. H.R. 4444 also reduces the amount of time in which a naturalized citizen's establishment of foreign residence raises the presumption of fraudulent naturalization. The Department supports the intent of H.R. 4823 as it relates to these issues. However, we prefer the more comprehensive provisions of H.R. 4444.

I appreciate having had the opportunity to present our views before the Subcommittee and look forward to working with you in the future on this important and significant legislation.

155