KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08-CR-0401-H |
| Plaintiff, | DATE: May 27, 2008<br>TIME: 2:00 p.m. |
| v. | |
| LUIS ENRIQUE CRUZ-VALLES, | **UNITED STATES' SUPPLEMENTAL BRIEF RE LEGITIMATION UNDER MEXICAN LAW** |
| Defendant. | |

**I**

**INTRODUCTION**

On April 7, 2008, the Court heard argument on Defendant's motion to dismiss the indictment under 8 U.S.C. § 1326(d). The issue raised in that motion is whether Defendant had a plausible ground for relief from deportation on the ground that he is a derivative United States citizen.

Defendant's derivative citizenship claim raises three legal issues:

1. Whether, at the time of Defendant's birth, 8 U.S.C. § 1409(a) – which applies to a child born out of wedlock to a U.S. citizen father and an alien mother – required a blood relationship between the child and the U.S. citizen father;

2. Whether Defendant was legitimated under California Civil Code § 230 – the statute in effect at the time of his birth – in the absence of a blood relationship with his claimed U.S. citizen father; and

///

3. Whether Defendant was legitimated under Mexican law.

It is the Government's position that the absence of a biological relationship between Defendant and the U.S. citizen he claims as his father is dispositive of each of these issues because, absent a blood relationship, Defendant is statutorily ineligible for citizenship under 8 U.S.C. § 1409(a). Further, even assuming the version of § 1409(a) in effect at the time of Defendant's birth did not require a blood relationship with a U.S. citizen father, the law of both California and Mexico pertaining to legitimation in fact required a blood relationship. Defendant's position is that neither § 1409(a) nor California or Mexican law pertaining to legitimation required a blood relationship.

At the conclusion of the April 7 hearing, the Court ordered the Government to submit additional materials concerning interpretation of the Mexican law pertaining to legitimation cited by Defendant.

**II**

**MEXICAN LAW REQUIRES A BLOOD RELATIONSHIP**

**TO ESTABLISH LEGITIMATION**

The provisions of the Mexican Civil Code upon which Defendant relies provide the means to establish the "filiacion" or filiation of a child born out of wedlock. Defendant contends that (1) under Mexican law, a father may establish filiation through voluntary recognition or a judgment declaring paternity and (2) Jose Cruz voluntarily recognized Defendant through a declaration before the Civil Registrar as reflected on Defendant's birth certificate. (Motion at 8.)

Although Jose Cruz may have declared himself to be Defendant's natural father by placing his name on Defendant's birth certificate, it is undisputed that Jose Cruz is <u>not</u> Defendant's natural father. The proposition that a man may legitimate a non-biological "son" is contrary to the concept of "filiacion" under Mexican law. As explained in a Mexican legal treatise:

> Natural children (a term that refers to children born out of wedlock) are those who have been <u>conceived by</u> persons who are not bound by marital ties.
>
> Given that filiation alludes to the <u>biological provenance</u> of a person, and that this is purely a phenomenon of nature, there is no difference between the filiation designated as "legitimate" in former legislation (if it occurred within the marriage), and the filiation referred to as "illegitimate."

* * *

Filiation is a legal concept that establishes a relationship of rights <u>where the biological relationship between generations already exists</u>, a natural phenomenon to which all living beings are subject.

(Exhibit A - Ignacio Galindo Garfias, *Civil Law, First Course: General Section, Persons, Family*) (emphasis added).[1]

It makes sense that the principle of "filiacion" under Mexican law presupposes the existence of a biological relationship between parent and child. Were Defendant's interpretation of Mexican law correct, any man could legitimate any child born out of wedlock by simply declaring himself (truthfully or not) to be the child's natural father. And under Defendant's theory, if the man happened to be a United States citizen, then the non-biological child automatically would acquire derivative U.S. citizenship regardless of the fact that the child's natural parents are Mexican citizens with no connection to the United States. This implausible statutory interpretation urged upon the Court by Defendant cannot be the result intended by the Mexican Civil Code or the Immigration and Nationality Act. <u>See, e.g.</u>, <u>United States v. Martinez-Martinez</u>, 369 F.3d 1076, 1085 (9th Cir. 2004) ("a statute must not be construed in a way that produces absurd results").

### III

### **CONCLUSION**

For all the foregoing reasons, the Court should deny Defendant's motion to dismiss the indictment.

DATED: May 7, 2008.                                  Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ David D. Leshner
DAVID D. LESHNER
Assistant U.S. Attorney

---

[1] Exhibit A is the English translation of the cited portions of the legal treatise. Exhibit B contains the relevant pages of the treatise itself.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>LUIS ENRIQUE CRUZ-VALLES,<br><br>      Defendant. | Case No. 08-CR-0401-H<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of **UNITED STATES' SUPPLEMENTAL BRIEF RE LEGITIMATION UNDER MEXICAN LAW** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Robert Henssler, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on May 7, 2008.

            /s/ David D. Leshner
            DAVID D. LESHNER