# CIVIL LAW

FIRST COURSE

GENERAL SECTION. PERSONS. FAMILY

# CHAPTER XIV
## FILIATION. *B)* CHILDREN BORN OUT OF WEDLOCK

323. *Children born out of wedlock. Natural filiation.* – Natural children (a term that refers to children born out of wedlock) are those who have been conceived by persons who are not bound by marital ties.

Given that filiation alludes to the biological provenance of a person, and that this is purely a phenomenon of nature, there is no difference between the filiation designated as "legitimate" in former legislation (if it occurred within the marriage), and the filiation referred to as "illegitimate."

"Nevertheless," writes FELIPE CLEMENTE DE DIEGO, "society needs to know and ascertain filiations, and better still, to have knowledge of each individual's true father and true mother, so as to make distinctions between families, distribute rights, require duties, transfer properties, etc."

Filiation is a legal concept that establishes a relationship of rights where the biological relationship between generations already exists, a natural phenomenon to which all living beings are subject.

As was already indicated in the previous chapter, the law must resolve three fundamental problems related to the legal application of filiation: *a)* the various *classes* of filiations, for which it will be necessary to determine what legal requirements must this biological phenomenon meet in order for a person to be included within the general framework of the filiation; *b)* the kinds of admissible *evidence* for determining each of the *classes* of established filiations as well as civil actions; and *c)* the *legal effects* stemming from the various classes of filiations in a certain positive arrangement.

Traditionally, legislative systems have departed from the basis of the existence or absence of conjugal ties between the father and the mother in order to distinguish two major classes of children: those who are born within a marriage and those whose parents were not married at the time of conception. Taking these two situations into consideration, we find that the history of law offers during the course of its development various legal applications concerning these two different classes of filiation which today appear as clearly differentiated.

++++++++++++++++++++++++++++

As regards the validation of natural paternity, the Civil Code recognizes three means whereby it becomes established: *a)* voluntary recognition by the father; *b)* judicial ruling affirming paternity, and *c)* by means of the presumption established in Article 383 of the Civil Code, pursuant to the opinion of the Third Chamber of the Federal Supreme Court.

"*Natural filiation.* The three procedures recognized by our law for its establishment, as regards the father. Pursuant to current Civil Code Article 360, the filiation of children born out of wedlock is established, as regards the father; first, through voluntary recognition; or, second, by a ruling that affirms paternity, for which Article 382 of the same code allows investigative activities in the four cases that the same regulation restrictively lists."

++++++++++++++++++++++++++++++++

324. *Proof of extramarital filiation. A) Recognition.* – The normal procedure for establishing natural filiation, as regards both the mother and the father, is by means of the recognition of said offspring by either or both of the parents, together or consecutively. The recognition of a child is the expression whereby either or both of the parents state that a person is the offspring of the declaring party. The recognition must be carried out in a solemn manner, i.e. the declaration must be carried out precisely according to the procedures that the law indicates and to which reference is made below.

According to JOSSERAND's opinion, recognition presents the following traits: 1) *assertive,* 2) *very personal,* 3) *individual,* 4) *irrevocable,* 5) *a solemn act.* 1) Assertive, because it does not modify any previously existing situation. 2) Very personal, because it cannot come from anyone other than the parents of the person whose filiation is in question. 3) Recognition is referred to as individual because it affects only the father or the mother who has effected the recognition, and not any other parent (Civil Code Article 366). 4) Irrevocable, because once the status of the person whose filiation is in question is established, the legal situation created by the

recognition cannot be modified by the voluntary desire of the person who has carried out the recognition. Article 367 of the Civil Code stipulates: the recognition is not revocable by he who made it, and even if it is done within a will and testament, if the latter is revoked, the recognition is not considered revoked. 5) The recognition must necessarily be made in one of the following ways: in the birth certificate before the Civil Registry judge; by a special document before the same judge; by a public instrument, by a will, by means of a direct and express judicial confession (Civil Code Article 369).