IGNACIO GALINDO GARFIAS

DOCTOR EN DERECHO POR LA UNIVERSIDAD NACIONAL AUTÓNOMA DE MÉXICO, PROFESOR EMÉRITO
DE LA FACULTAD DE DERECHO DE LA UNAM, PROFESOR TITULAR DE LA MATERIA, POR OPOSICIÓN
EN LA LICENCIATURA Y PROFESOR DE TEORÍA DEL ACTO JURÍDICO EN LA DIVISIÓN DE ESTUDIOS DE
POSGRADO DE LA FACULTAD DE DERECHO, MIEMBRO DE NÚMERO DE LA ACADEMIA MEXICANA
DE JURISPRUDENCIA Y LEGISLACIÓN, CORRESPONDIENTE DE LA ESPAÑA.

# DERECHO CIVIL

PRIMER CURSO

PARTE GENERAL. PERSONAS. FAMILIA.

DECIMOTERCERA EDICIÓN
PUESTA AL DÍA



EDITORIAL PORRÚA, S.A.
AV. REPÚBLICA ARGENTINA, 15

# CAPÍTULO XIV

## FILIACIÓN. B) LOS HIJOS NACIDOS FUERA DE MATRIMONIO

323. *Los hijos nacidos fuera de matrimonio. La filiación natural.*—324. *La prueba de la filiación extramatrimonial. a) el reconocimiento.*—325. *Contradicción del reconocimiento.*—326. *La prueba de la filiación extramatrimonial. b) investigación de la maternidad y la paternidad.*—327. *El procedimiento de investigación: a) a quien corresponde el ejercicio de la acción, b) contra quien.*—328. *Los medios probatorios.*—329. *Legitimación.*

323. *Los hijos nacidos fuera de matrimonio. La filiación natural.*—Los hijos naturales (denominación que se refiere a los hijos nacidos fuera de matrimonio), son aquellos que han sido engendrados por personas que no están ligados por vínculo matrimonial.[1]

Puesto que la filiación alude, a la procedencia biológica de una persona y esto es puramente un fenómeno de la naturaleza, no existe ninguna diferencia entre la filiación que se denomina en las antiguas legislaciones "legítima" (si tenía lugar dentro del matrimonio) y la filiación que se decía "ilegítima".

"No obstante —dice FELIPE CLEMENTE DE DIEGO— la sociedad tiene necesidad de conocer y constatar la filiación o mejor, conocer al propio padre y a la propia madre de cada individuo, para distinguir las familias, repartir los derechos, exigir deberes, trasmitir la propiedad, etc."[2]

La filiación es un concepto jurídico, que establece una relación de derecho allí donde existe la relación biológica de la generación, fenómeno natural al cual está sometido todo ser viviente.

En el tratamiento jurídico de la filiación —ya se apuntó en el capítulo anterior— el derecho debe resolver tres problemas fundamentales: a) las diversas especies de filiación, para lo cual será preciso determinar qué requisitos legales ha de llenar este fenómeno biológico, para que una persona quede comprendida dentro del cuadro general de la filiación; b) los me-

[1] Cfr. DE PINA, RAFAEL, *opus cit.*, página 352.
[2] *Instituciones de Derecho Civil Español*, Madrid, 1959, tomo II, página 617.

654

dios de prueba admisibles para determinar cada una de las especies de filiación establecidas así como acciones de estado civil, y c) los *efectos jurídicos* que se derivan de las diversas clases de filiación en un ordenamiento positivo determinado.

Tradicionalmente los sistemas legislativos, han partido de la base de la existencia o no existencia del vínculo conyugal entre el padre y la madre para distinguir dos grandes especies de hijos: aquellos que nacen dentro de matrimonio y aquellos cuyos progenitores no estaban casados en la época de la concepción. Tomando en consideración estas dos situaciones, encontramos que la historia del derecho ofrece en el curso de su desarrollo, diversos tratamientos legales, respecto de estas distintas especies de filiación que hoy aparecen claramente diferenciadas.

ENRIQUE GACTO FERNÁNDEZ[a] se expresa así "La consideración jurídica y social que en cada momento concreto de la Historia ha merecido el hijo natural está en función del concepto contemporáneo vigente, en torno a la unión de la que procede. La evolución que experimenta el núcleo social sobre la filiación natural, se liga así estrechamente con la que en la primera parte hemos visto recorrer al concubinato. En una época en que esta institución competía en frecuencia con el mismo matrimonio, del que apenas lo diferenciaban algunos signos externos de relativa relevancia (dote, arras), cuando además la reconocida eficacia del matrimonio ciales de las uniones que se creaban (dote, esponsales, arras), al influir aún más secreto afianza y impresiona frontera, la comunidad no debió establecer apenas diferencias entre los nacidos dentro o fuera de matrimonio."

El concepto de hijo natural en el Derecho romano, se reservaba para designar a los hijos cuyos padres vivían en concubinato. Se llamaba *spurii* a aquellos hijos cuyos padres no llevaban vida en común.

En las Decretales de Gregorio IX, se decía hijo natural a aquel cuyos padres podían haber contraído matrimonio entre sí sin dispensación; aunque la madre no fuere verdaderamente concubina del marido; es decir no se requería que la mujer viviera bajo el mismo techo del padre, para considerar *naturales* y no "spurios" a los hijos habidos en tales circunstancias.

Los Códigos Civiles de 1870 y 1884 para el Distrito y Territorios Federales conservaron esta distinción respecto de los hijos *ilegítimos*, en simple mente naturales y espurios, para denominar *naturales* a aquellos cuyos padres en el momento de la concepción, no tenían impedimento para contraer matrimonio y calificando de *espúrios*, a todos los demás.

La Ley de Relaciones Familiares suprimió esta distinción entre unos y otros, denominando ilegítimos a ambas especies, sin hacer distinción entre ellos.

[a] *La Filiación no Legítima en el Derecho Histórico Español*, tesis doctoral, Publicaciones de la Universidad de Sevilla, 1969, página 59.

656    PRIMER CURSO DE DERECHO CIVIL    FILIACIÓN

Según se ha mencionado, el Código Civil vigente en el Distrito Federal, por lo que se refiere a los *efectos* de la filiación, no distingue entre las situaciones de los hijos nacidos dentro de matrimonio y la de los que nacen fuera de él; pues no existe diferencia alguna entre unos y otros respecto de la patria potestad, de la herencia, de la obligación alimenticia, del derecho a recibir alimentos, de los impedimentos para celebrar matrimonio, ni finalmente por lo que atañe al derecho de usar el nombre de su padre.[4]

Sin embargo de esta equiparación, el Código Civil no pudo dejar de reconocer la necesidad de organizar, por lo que se refiere a la prueba de la filiación de los hijos de matrimonio y a la manera de probar la filiación de los hijos naturales, un sistema distinto según se trate de unos u otros. Por lo que se refiere a los hijos de matrimonio, según se explicó en el capítulo anterior, el código ha creado un sistema conforme al cual, la filiación queda establecida por el hecho del parto de la esposa, de donde se deduce, sin más la paternidad del marido. Se dice por ello que la filiación matrimonial es *indivisible*.[5]

En tanto que respecto de los hijos nacidos fuera de matrimonio, la filiación sólo queda establecida a través del reconocimiento voluntario que hace el padre o de una sentencia judicial que declare la paternidad o la maternidad. En cuanto a la madre, la maternidad queda probada por el hecho del parto. (La madre tiene obligación de que su nombre figure en el acta de nacimiento, según dispone el artículo 60 del Código Civil). Para ella, el reconocimiento es *forzoso*. La investigación de la maternidad podrá hacerse ante los tribunales. Este hijo, no está protegido respecto de la filiación paterna, por una presunción semejante a la que protege al hijo que ha dado a luz una mujer casada.

Es verdad que en el Código Civil del Distrito Federal, contrariamente a lo que ocurre en otros sistemas legislativos, la prueba de la filiación natural no queda abandonada al reconocimiento voluntario de los padres; el hijo puede en cualquier momento, ejercer la acción de *investigación de la maternidad* porque ésta resulta del solo hecho del nacimiento (artículo 360 del Código Civil) y porque expresamente el artículo 385 del Código Civil permite al hijo nacido fuera de matrimonio y a sus descendientes, investigar la maternidad, con la única limitación de que el ejercicio de esta acción,

[4] "Exceptuando las diferencias que la misma naturaleza de ambas filiaciones (legítima y natural) impone, en nuestro derecho se conceden los mismos derechos a los hijos legítimos y a los naturales reconocidos o cuya filiación se ha probado debidamente y declarado por sentencia judicial. El juicio de investigación de paternidad o maternidad. Para los efectos de la patria potestad, de la herencia, de los alimentos, de los impedimentos para celebrar matrimonio (por razón de parentesco legítimo o natural) la equiparación es absoluta y completa." ROJINA VILLEGAS, RAFAEL, *Compendio de Derecho Civil III*, tomo I, página 473.

[5] *Pater is et quem nuptiae demostrant.*

no será permitida cuando tenga por objeto atribuir el hijo a una mujer casada. Y ello no obstante, el hijo podrá investigar aun en este caso la maternidad, si ésta se deduce de una sentencia civil o criminal (artículo 386, del Código Civil).

Por lo que atañe a la investigación de la paternidad, el ejercicio de esa acción, es restringida a sólo aquellos casos que menciona limitativamente el artículo 382 del Código Civil.

La Suprema Corte de Justicia de la Nación, ha analizado el sistema de la legislación mexicana en cuanto al establecimiento de la filiación natural en la siguiente ejecutoria:

"*Filiación natural*. El sistema mexicano en el derecho comparado. El Derecho Mexicano, en cuanto al sistema de filiación natural se refiere, sigue la tradición francesa, que, como se sabe, es diferente del sistema alemán y del inglés, dado que en este último la filiación natural se establece exclusivamente mediante el reconocimiento voluntario y nunca por sentencia que declare la paternidad; el sistema alemán es un sistema abierto al ejercicio de la acción de investigación; el sistema francés las vías legales para el ejercicio o de libre investigación, en que se permiten todas ellas autoriza la investigación, de esa acción, sin limitación alguna; y limitativamente determinadas, y algunas veces lo hace solamente en ciertas hipótesis, que es precisamente el nuestro.

De allí que el artículo 1717 del Código Alemán textualmente disponga que "como padre alegítimo, en el sentido de los párrafos 1708 a 1716, vale "como padre alegítimo de la madre dentro del tiempo de la concepción, a no ser quien haya cohabitado con ella dentro de ese tiempo; sin embargo, si se toma en consideración —sigue diciendo el artículo— una cohabitación si, según las circunstancias, es notoriamente imposible que la madre haya concebido al hijo a consecuencia de esta cohabitación. Como la concepción vale el tiempo comprendido —agrega el precepto— desde el día 181 al día 302", y que el nacimiento del hijo, con inclusión tanto del día 181 como del día 302", y que el Código Civil suizo, que pertenece al mismo grupo germánico, en su artículo 314 establezca que "la paternidad se presume siempre que se pruebe que entre los tres-cientos y los ciento ochenta días antes del nacimiento el demandado haya cohabitado con la madre" y que "esta presunción cesa si los hechos establecidos permiten abrigar serias dudas sobre la paternidad del demandado. En cambio, entre nosotros, que según se ha dicho, seguimos el sistema francés, la investigación de la paternidad no es abierta o libre sino que sólo está restringida a los casos a que se refiere el artículo 382 del Código Civil: I, en los casos de rapto, estupro o violación; II, cuando el hijo se encuentre en posesión de estado de hijo de presunto padre; III, cuando el hijo haya sido concebido durante el tiempo en que la madre habitaba bajo el mismo techo con el pretendido padre, viviendo maritalmente, y IV, cuando el hijo tenga a su favor un principio de prueba contra el pretendido padre."

"Sin embargo, si el sistema francés de investigación limitada, también lo es que el Código se ajustó al sistema alemán (artículo 1717 del BGB), cuando lo dice el del 383 siguió el sistema alemán (artículo 1717 del BGB), cuando lo dice García Téllez en sus Motivos y Concordancias, en cuanto a que estatuyó los casos en que se establece presuntivamente la filiación natural y no ya aquellos en que se

PRIMER CURSO DE DERECHO CIVIL            FILIACIÓN

permite investigarla, equiparando así la situación de los hijos que se presumen hijos del concubinario y de la concubina (artículo 383) con la de los hijos que se presumen hijos de los cónyuges (artículo 324)." Directo 2848,1956. Ignacio Flores Álvarez, Resuelto el 23 de enero de 1958.' Boletín de Información Judicial 1958, Página 87.

Es necesario conocer los elementos de la filiación natural respecto de la madre. Para quedar debidamente integrada deben quedar probados, sucesivamente, los siguientes: a) el parto de la madre; y b) la identidad del hijo.

Para probar el hecho del parto, es el acta de nacimiento la prueba fehaciente del parto, en ella figura el nombre de la madre o el acta de reconocimiento hecho por la madre. A falta de esos elementos probatorios, por medio de la sentencia que declara la maternidad.⁶

La identidad del hijo puede quedar establecida por medio de testigos. Empero debe tenerse presente, que la huella digital de la persona que es presentada ante el juez del Registro Civil, figura impresa en el acta de nacimiento.

Por lo que se refiere a la prueba de la filiación extra matrimonial, paterna, en principio sólo puede quedar establecida mediante el reconocimiento voluntario del padre, y excepcionalmente en los casos taxativamente mencionados en el artículo 382 del Código Civil, en los cuales, se permite la investigación de la paternidad. Cuando ha habido vida marital entre los progenitores, durante la época de la concepción, la paternidad puede quedar probada, en virtud de que la vida en común del padre y la madre, hace

surgir una presunción semejante a la que existe, respecto de los progenitores que están unidos por el vínculo matrimonial.⁶ᵃ

La presunción de la equiparación que en el derecho español antiguo, tenían es un trasunto de la equiparación que en el derecho español antiguo, tenían el concubinato (barraganía) con el matrimonio, en tanto en ambos existe vida en común, cohabitación permanente, entre el presunto padre y la presunta madre.⁷

Por lo que se refiere al establecimiento de la paternidad natural, el Código Civil reconoce tres medios para que ella quede establecida: a) el reconocimiento voluntario hecho por el padre; b) una sentencia judicial que declare la paternidad, y c) por la presunción establecida en el artículo 383 del Código Civil, según criterio de la Tercera Sala de la Suprema Corte de Justicia de la Nación.

"Filiación natural. Los tres medios reconocidos en nuestro derecho para su establecimiento, con relación a la filiación de los hijos nacidos fuera de matrimonio se establece, con relación a la filiación de los hijos nacidos fuera de matrimonio; o bien, Código Civil vigente, la madre; primero, por el reconocimiento voluntario; o bien, con relación a una sentencia que declare la paternidad, para que conforme al artículo 382 segundo, por una sentencia concede la acción de investigación, en los cuatro casos que el mismo artículo enumera el propio precepto.

limitativamente enumera el propio precepto, estatuir que se presumen hijos del la filiación natural, en su artículo 383, después de ciento ochenta días contados desde que comenzó el concubinato y II, los nacidos dentro de los concubinario y de la concubina l, los nacidos dentro de la concubina, días siguientes al en que cesó la vida común entre el concubinario y la concubina. Estas reglas son idénticas a las que en materia de filiación legítima establece el artículo 324 del propio ordenamiento, ya que conforme a éste se presumen hijos de título 324 del propio ordenamiento, ya que conforme a éste se presumen hijos de..."

⁶ *Filiación, Maternidad, prueba de la.* La circunstancia de que determinada mujer haya comparecido ante el juez del Registro Civil, junto con el padre del menor, a presentarlo para su inscripción y haya firmado el acta sin indicar no ser la madre, implicó aceptación de la maternidad. En efecto, de no haber sido la madre lo habría advertido así, en cuanto la presentación de un menor para su registro puede perjudicar a la mujer en su honor y en su familia de una manera que no es necesario la calidad con la cual hace la presentación. Además, cuando las comparecientes no son los padres, están obligados a explicar las circunstancias que conocen respecto del nacimiento del menor pues el artículo 81 del Código Civil del Distrito Federal de mil ochocientos ochenta y cuatro, previene que toda persona, que encontrare a un niño recién nacido deberá presentarlo al estado Civil, con los vestidos, papeles o cualesquiera otros objetos encontrados en él, y declarará el tiempo y lugar en donde lo haya encontrado, así como las demás circunstancias que en el caso hayan concurrido. Si en la especie la mención de la señora otorgante manifestación hizo, debe fundamentarse la intervención, según más cuando si el padre indicara que el parto en relación con la madre no es más determinante respecto del padre, y es tal la eficacia de la partida de nacimiento como medio probatorio de la filiación, que la acción aún cuando contenga irregularidades no conduce a la nulidad al menor sino que ésta se resuelve en sanciones que se pueden inculpar al menor sino que resulte la justicia y en el caso vía de alguno o nulidad de derecho inherentes y Amparo directo 281/57. Sucesión de Adelaida Ortiz Vda. de Hernández, Agosto 4 de 1959. Unanimidad de 5 votos. Ponente: Mtro. Manuel Rivera Silva, 3ª Sala, S. J. F. Sexta época, volumen XXVII, Cuarta parte, página 144. Apéndice al *Semanario Judicial de la Federación.* Jurisprudencia de la S. C. J., de la Nación. México, 1965, Página 613.

⁶ᵃ 1ª La idea capital de la dificultad de prueba de la paternidad, que justificó ya de antiguo la necesidad de una ley... la presunción de paternidad para los hijos nacidos en matrimonio ante se mantenía a veces rigidez, y... la filiación legítima no tiene lugar mantenía a veces rigidez, y... la Naturaleza (recuérdese las palabras de la última ley, un papel idéntico en materia de filiación legítima o ilegítima: idéntica valoración, en consecuencia, de cualquier manifestación bilateral, de la madre o del supuesto padre, alcance... la paternidad; el mismo criterio en cuanto a la... y la misma tras e ilegítimos, respeto... pruebas biológicas de la paternidad o de la filiación. RIVERO HERNÁNDEZ, FRANcisco, *opus cit.,* página 265. ... la madre es siempre segura y vención, también, ante tanta ficción como se da en esta materia. RIVERO HERNÁNDEZ, FRANcisco, *opus cit.,* página 265.

⁷ Gracioso es a veces argüido: la ficción, que al igual que en el derecho común, en el de Partidas la barraganía debe autoafirmar retenta in domo. Si bien es cierto que no... naturales cuando ella los hijos de barragana que el padre tiene a los... nacidos naturales son los naturales, la ley exige que el supuesto de que la sea fiel los hijos habidos los hijos de barragana o que el padre tiene naturalmente. Siempre sobre la base de la barraganía, es se entrega a otros hombres... es claro que el supuesto de que la sea fiel los hijos habidos ser naturales naturalidad del hijo, aun cuando falte la sexualidad... exigida por el no posible salvar la naturalidad del hijo, aun cuando falte la sexualidad... exigida por el Derecho romano, de que la mujer resida en la casa del amante; pero es evidente que esto implicaría la prueba de la fidelidad en ella, por el hecho de la... en el evento normal de la vivencia, porque la naturaleza en casa y desempeña pública y familiar por la función de una cuando se mezclaba una prueba difícil, adversam sobraría, pero es que además suplía la prueba de la fidelidad en este caso... en ella, por el hecho de la... en el evento normal favor del hijo de barragana como las requeridas para probar de naturalidad que sería preciso a un hijo nacido de legítimo matrimonio. GACTO FERNÁNDEZ, ENRIQUE, *cit.,* página 72.

los cónyuges: I, los hijos nacidos después de ciento ochenta días contados desde la celebración del matrimonio, y II, los hijos nacidos dentro de los trescientos días siguientes a la disolución del mismo."

"Entonces, pues, cuando se está en el caso de un hijo nacido dentro de los 300 días siguientes al en que cesó la vida en común del concubinato y la concubina o bien después de los 180 días de iniciado el concubinato, es evidente que ya no se trata de un caso en que hay que investigar la paternidad para establecer la filiación natural, sino que se está en presencia de una auténtica filiación natural legalmente establecida, y que, por lo mismo, y no hay necesidad de investigar, puesto que, como acaba de decirse, legalmente se encuentra ya establecida por expresa presunción de la ley civil en su invocado artículo 383, del mismo modo que en tratándose de los hijos legítimos lo hace, según también ya se vio, el artículo 324."

"Y si ello es así, es claro que el hijo goza de una posesión de estado que no puede arrebatársele sino por sentencia ejecutoria dictada en juicio contradictorio en que se destruya dicha presunción, siendo ésta la razón por la que el artículo 352 establece, al respecto, la protección del juicio plenario, y el 353 concede acción interdictal al hijo a quien se pretendiera despojar o perturbar en dicha posesión; en la inteligencia de que aunque estos dos últimos preceptos se refieren expresamente a los hijos nacidos de matrimonio, debe, sin embargo, establecerse que igualmente protegen a los hijos naturales, por virtud del bien conocido principio de aplicación analógica de que donde existe la misma razón legal debe existir igual disposición de derecho."

"Directo 2848/1956, Ignacio Flores Álvarez, Resuelto el 23 de enero de 1958." Boletín de Información judicial, 1958, página 89.

El artículo 374 del Código Civil prohíbe que el hijo de una mujer casada pueda ser reconocido por otro hombre distinto a su marido, excepto cuando éste la haya desconocido y por sentencia ejecutoria se haya declarado que es hijo suyo.[8]

324. *La prueba de la filiación extramatrimonial. a) El reconocimiento.*—La vía normal para establecer la filiación natural, tanto respecto de

[8] *Filiación natural. El reconocible. El reconocible el hijo de una mujer casada que no viva con su marido* ... por lo demás no debe perderse de vista que la norma contenida en dicho artículo 374 del Código Civil vigente fue introducida por primera vez en nuestra legislación por la Ley de Relaciones Familiares de 1917 mediante el texto de su artículo 217 incluido en el capítulo sobre reconocimiento de los hijos naturales, que da vino a la drogar el capítulo IV del título 6° del libro primero del Código Civil de 1884, también concerniente al reconocimiento de los hijos naturales y a la delegación de los espurios. Sin embargo, dicha Ley de Relaciones salvó las disposiciones correspondientes a las actas de matrimonio contenidas en el capítulo VI del título 4° de dicho libro primero del Código de 84, no derogó las disposiciones relativas a las demás actas de estado civil, entre las que figura el artículo 79, que no es sino reproducción literal del 84 del Código de 1870, y que el Código de 28 vino a reproducir literalmente en el citado artículo 65, sólo que acondicionándolo en las siguientes palabras: "Salvo que éste —el marido— haya desconocido al hijo y exista sentencia ejecutoria que así lo declare."

"..., pues, el Código vigente, siguiendo los lineamientos de la Ley de Relaciones Familiares, a la vez que el artículo 65 del sistema establecido desde el Código de 70 y sostenido por el de 84 a través de su artículo 217 mediante el sistema establecido..."

---

la madre como respecto del padre, es por medio del reconocimiento que de dicho hijo hagan cualquiera de sus progenitores o ambos, conjuntamente o sucesivamente. El reconocimiento de un hijo, es el acto en que cualquiera de los progenitores o ambos, declaran que una persona es hija del declarante. El reconocimiento ha de hacerse en forma solemne; es decir, la declaración ha de hacerse precisamente en cualquiera de las formas que la ley señala y a las que se hará referencia más adelante.

De acuerdo con la opinión de JOSSERAND, el reconocimiento presenta los siguientes caracteres: 1° *declarativo*, 2° *personalísimo*, 3° *individual*, 4° *irrevocable*, 5° *es un acto solemne*. 1° Es declarativo, porque no modifica ninguna situación que ya existía antes. 2° Es un acto personalísimo, porque no puede provenir sino del padre o de la madre que ha reconocido y no reduce efectos respecto del padre o de la madre de la cual no se trata. 3° Se dice del reconocimiento que tiene efectos individuales; en la partida de nacimiento del otro progenitor (artículo 366 del Código Civil). 4° Es irrevocable, porque depende de la voluntad de quien ha realizado el reconocimiento, no puede modificar una situación jurídica creada por el reconocimiento. El artículo 367 del Código Civil estatuye: el reconocimiento no es revocable, no se puede revocar ni aunque se haya hecho en testamento, si éste se revoca.5° El reconocimiento deberá hacerse necesariamente de alguno de los modos siguientes: en la partida de nacimiento ante el mismo juez; por acta especial ante el mismo juez; por escritura pública, por testamento, por confesión judicial directa y expresa (artículo 369 del Código Civil).

La madre no tiene derecho de dejar de reconocer a su hijo y está obligada a inscribir el nombre del padre en el acta de nacimiento (artículo 60 del Código Civil). Por otra parte, todas las personas que han asistido al parto, tales como los médicos, cirujanos o matronas están obligadas a dar aviso del nacimiento al juez del Registro Civil, dentro de los tres días siguientes al parto y el juez del Registro Civil tomará las medidas necesarias, a fin de que se levante el acta de nacimiento conforme a las disposiciones relativas que se levante el acta (artículo 55 del Código Civil).

El nombre del padre no se hará constar en el acta de nacimiento de un hijo nacido fuera de matrimonio, si aquél no lo pide por sí o por apoderado especial, haciendo constar en todo caso la petición (artículo 60 primer párrafo del Código Civil).

La filiación de los hijos nacidos fuera de matrimonio, queda establecida por el reconocimiento voluntario o por una sentencia que declare la paternidad (artículo 360 del Código Civil).

*A) Requisitos.*

Para reconocer a un hijo se requiere que la persona que reconoce tenga

## PRIMER CURSO DE DERECHO CIVIL

la edad exigida para contraer matrimonio, más la edad del hijo que va a ser reconocido (artículo 361 del Código Civil).

El menor de edad podrá reconocer a su hijo con el consentimiento de quienes ejerzan sobre él la patria potestad o a falta de ésta, requerirá autorización judicial.

Una situación especial se presenta respecto del reconocimiento hecho por un menor: es anulable por error. La acción de nulidad prescribe a los cuatro años transcurridos a partir de la mayoría de edad (artículos 362 y 363 del Código Civil).

Puede ser reconocido el hijo que no ha nacido y el que ha muerto si ha dejado descendencia (artículo 365 del Código Civil).

El hombre y la mujer, aun cuando sean casados pueden reconocer el hijo habido antes de su matrimonio, pero no tendrán derecho a llevarlo al hogar conyugal, sin el consentimiento expreso de su consorte (artículos 372 y 373 del Código Civil).

Se requiere el consentimiento de quien va a ser reconocido, si es mayor de edad.

Si quien va a ser reconocido es menor de edad, será necesario el consentimiento de su tutor, si lo tiene, o de un tutor especial que el juez designará para el caso.

B) Efectos.

El hijo natural reconocido tiene derecho:

I. A llevar el apellido del que lo reconoce.

II. A ser alimentado por éste.

III. A percibir la porción hereditaria y los alimentos que fije la ley.

Es consecuencia muy principal del reconocimiento, que el hijo reconocido entra bajo la patria potestad de quien lo reconoce, institución del derecho de familia, que como se verá en capítulo posterior es fundamentalmente protectora de la persona y de los bienes de quien se encuentra bajo de ella (artículo 380 y 381 del Código Civil).

El reconocimiento finalmente da lugar a que la tutela legítima, haya de ser ejercida, cuando proceda por los padres o hermanos o a falta de unos y otros, por los abuelos (artículos 483, 487, 488, 489, 490, 491 del Código Civil).[9]

[9] Presupuesto pues del reconocimiento es la filiación biológica. Reconocer es el acto de declarar solemnemente el padre, dicha filiación de forma que tal filiación no es efecto del reconocimiento sino que es el propio contenido del acto de reconocer. Y su consecuencia será quedar fijada. Efecto del reconocimiento es el convertir en filiación jurídica, la filiación biológica, es decir, constituir el estado. Y del reconocimiento se deriva una presunción, la de la verdad de la filiación declarada, presunción que es a su vez, fundamento de la validez del reconocimiento. ALBALADEJO, MANUEL, El Reconocimiento de la Filiación Natural, Bosch, Casa Editorial, Barcelona, 1954, página 43.

## FILIACIÓN

**325. Contradicción del reconocimiento.**—El reconocimiento como acto jurídico, es constitutivo de la prueba de la filiación[10] por la confesión de maternidad o de paternidad que contiene. En uno y otro caso, como medio de prueba de la filiación natural, tal declaración debe expresar por lo que se refiere a la mujer, el hecho de que ha dado a luz a una determinada persona y por lo que se refiere al varón la confesión de paternidad significa que ese varón, acepta haber engendrado a quien considera que es su hijo.[11]

Si la declaración de la voluntad no coincide con la veracidad del hecho que se declara, el reconocimiento puede ser impugnado en los casos en que la ley lo establece.

*Primero.* Cuando ha sido reconocido un menor de edad y el *Ministerio Público* cuando se hubiere efectuado en perjuicio del menor, el reconocimiento, y la misma acción, tiene el progenitor, como se explicará enseguida.

En el juicio de impugnación del reconocimiento de un menor de edad, tendría una acción contradictoria para impugnar tal reconocimiento, y la que ser probado: *a)* que quien reconoció no puede ser el padre o la madre del menor reconocido, y *b)* que como consecuencia del reconocimiento se ha causado un perjuicio al menor. El perjuicio que en este caso se causa al menor, se entiende que es de carácter patrimonial.

*Segundo.* El *progenitor* puede contradecir el reconocimiento que ha hecho indebidamente otra persona, para el solo efecto de que quien ha reconocido, quede excluido de la paternidad.

En ningún caso procede impugnar el reconocimiento por causa de herencia, para privar de ella al menor reconocido.

*Tercero.* Un tercero (por ejemplo un deudor alimentario) puede impugnar el reconocimiento ilegalmente efectuado haciendo valer esta impugnación, en vía de excepción. El demandado tendrá que probar que quien reconoció no es el padre o la madre del reconocido (artículo 368 del Código Civil).

*Cuarto.* Conforme al artículo 378 del Código Civil, cuando una mujer se ha hecho cargo del cuidado y la lactancia de un niño, que además se le ha dado su nombre y que públicamente lo ha presentado lo ha proveyendo...

[10] Como acto jurídico, el reconocimiento es la *afirmación del padre.* Lo que importa en él, no es pues la relación biológica en sí, sino que el padre declare solemnemente la existencia de tal relación. Presupuesto de la afirmación es la realidad de la filiación biológica, pero la afirmación de ésta —reconocimiento— es algo distinto de la realidad. En cuanto que asi jurídico afirmación de ésta —reconocimiento— es algo distinto de la realidad. Como ya hemos dicho, éste no existe afirmación de la relación de estado. Como ya hemos dicho, éste no existe dicho el reconocimiento tiene un carácter de la relación biológica y de la filiación. desde el nacimiento. ALBALADEJO, MANUEL, ib., página 100.

[11] Su contenido natural, El Reconocimiento de la Filiación Natural, la afirmación de la existencia biológica en sí, sino que el padre declare solemnemente la existencia de la madre es declarativo sin ALBALADEJO, MANUEL, afirma. "Que el reconocimiento en reserva del padre. De un lado es de advertir DE BUEN, DEMÓFILO, alirma. "Que el reconocimiento en reserva del padre. De un lado es de advertir duda, pero que no puede decirse en relación con su padre, del hecho de la filiación, sino que los derechos del hijo no nacen, la filiación aun probada no produce efectos si no existe el hecho a no ser que la prueba resulte de la confesión de un hecho cierto y del reconocimiento derivase su valor probatorio del reconocimiento, grupo o pena del hecho... a no ser que la prueba resulte de la confesión de un hecho cierto y regla. De otro, el reconocimiento después ya que descansa sobre una ficción. ALBALADEJO, perdería toda eficacia si pudiera demostrarse que descansa sobre una ficción. ALBALADEJO, MANUEL, El Reconocimiento de la Filiación Natural, página 95.